UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANG SUN and WEI CHEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATRICK PHILLIPS,<br><br>    Defendant. | Case No. 2:19-cv-00858-TLN-CKD<br><br>**SUA SPONTE REMAND ORDER** |

    This matter is before the Court pursuant to Defendant Patrick Phillips's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1-2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of San Joaquin, due to lack of subject matter jurisdiction.

    **I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    On or about January 19, 2019, Plaintiffs Gang Sun and Wei Chen ("Plaintiffs") brought an action for unlawful detainer against Defendant for possession of certain real property located in Stockton, California. (Notice of Removal, ECF No. 1, at 8.) On May 14, 2019, Defendant filed a Notice of Removal, removing the unlawful detainer action from the San Joaquin County Superior

Court.¹ (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* § 1332(a)(1)-(2).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

---

¹ Defendant makes reference to Stanislaus County and Los Angeles County in various places in the Notice of Removal. (*See, e.g.*, ECF No. 1 at 1 (Stanislaus) and 2, 5 (Los Angeles).) It appears, however, that Plaintiffs' state court complaint was actually filed in San Joaquin County. (*See* ECF No. 1 at 8 (Complaint).)

### III. ANALYSIS

It appears Defendant attempts to remove the above-entitled action to this Court on the basis of both diversity jurisdiction and federal question jurisdiction. (ECF No. 1 at 1 (citing to 28 U.S.C. § 1332), 2 (citing to 28 U.S.C. § 1331, as well as the Fair Debt Collection Practices Act), and 2-4 (alleging complete diversity and amount in controversy).) The Court discusses each below.

Defendant first provides that he has another case currently pending against Plaintiffs for wrongful foreclosure and other related claims.[2] (ECF No. 1 at 2.) Defendant additionally asserts that he presently seeks—presumably in this action—a judgment against Plaintiffs for alleged violations of the Fair Debt Collection Practices Act. (ECF No. 1 at 2.) To the extent Defendant seeks to establish federal question jurisdiction, he has failed to do so. Even assuming Defendant intends to raise a federal defense or assert a counterclaim against Plaintiffs' unlawful detainer action, it is clear that the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 8-10.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. As articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Thus, while Defendant seems to contend in the Notice of Removal that Plaintiffs have violated federal law, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiffs' Complaint. *See Vaden*, 556 U.S. at 60-62.

Defendant then asserts that there is complete diversity between the parties because Plaintiffs are "incorporated in a state other than California and its principal place[s] of business are located in states other than California," and Defendant "is a citizen of California, residing in Los Angeles County." (ECF No. 1 at 3.) Plaintiffs, however, are two individuals: Gang Sun and Wei Chen. In their complaint, these individuals purport to be the owners of the property in

---

[2] It is not clear to the Court *where* Defendant's wrongful foreclosure case is pending, if at all, nor is it clear to the Court that the subject property was ever foreclosed on.

question. (ECF No. 1 at 8.) Nothing indicates that these individuals are themselves a corporate entity, nor does anything indicate that they are officers, agents, or otherwise affiliated with a corporate entity that might be relevant to this action. Moreover, while Defendant later asserts that Plaintiff is an entity called "Camden Opportunity Fund WF, LLC" (ECF No. 1 at 4), there is no mention of that entity in the Complaint originally filed in San Joaquin County Superior Court (*see* ECF No 1 at 8-10), nor does Defendant ever explain who or what "Camden Opportunity Fund WF, LLC" is or how it is involved in the present unlawful detainer action. Simply put, Camden is not a party to the present action. Consequently, the Court cannot conclude that complete diversity exists between the parties, where Defendant is an individual and resident of California, and Plaintiffs are also individuals who most likely reside in California.[3] Because Defendant has failed to establish that there is complete diversity between the parties, the Court need not address Defendant's allegations that the amount in controversy exceeds $75,000. However, although Defendant has alleged as much, the Court does not agree that Plaintiffs' Complaint seeks damages in excess of $75,000, where the Complaint seeks $3,400 in past-due rent, plus $70 per day from January 15, 2019 through entry of judgment, plus attorney's fees.

In short, because the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. And because Defendant has failed to meet his burden of establishing that there is complete diversity between the parties named in the suit, the Court also does not have diversity jurisdiction. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

///

---

[3] While the Court cannot and does not find that Plaintiffs are, without a doubt, citizens of California, Defendant has only (wrongly) alleged that Plaintiffs are an entity. As such, he has failed to meet his burden of establishing that the true named Plaintiffs, Sun and Chen, are citizens of another state. *Gaus*, 980 F.2d at 566 (burden is on the removing party to establish that removal is proper).

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin.

IT IS SO ORDERED.

Dated: May 30, 2019

Troy L. Nunley
United States District Judge